UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | Case No.  1:23CR00394-003 |
| **Plaintiff** | * | |
| v. | * | |
| **WAYNE GLYMPH** | * | |
| **Defendant** | * | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

    Comes now, the Defendant, Wayne Glymph, by and through undersigned counsel, and respectfully submits his Memorandum in Aid of Sentencing.  The Defendant respectfully requests that the court fashion a sentence that appropriately tempers justice with mercy and also fully reflects Defendant's role in the overall scheme of the offense.  In support thereof, the Defendant states as follows:

    **I.**    **Introduction**

  As an initial matter, the Defendant fully accepts responsibility for his involvement in the criminal conduct at issue.  In fact, the Defendant has been trying to amicably resolve this since undersigned counsel has been involved with this matter.  The Defendant entered a plea of guilty after "negotiations" with the Government.

  The Defendant's life has been changed forever as a result of his choices and the repercussions of those choices.  As a 59 year old facing the possibility of (188) months incarceration a minimum term of imprisonment of 10 years and the maximum term in life.  The Defendant finds himself at the absolute bottom and he is dedicated to separating himself entirely from the criminal culture.  The Defendant is remorseful and contrite.  He desires only a chance to return to society and live as a productive, law abiding citizen.

1

The Defendant has made an attempt to repay society by waiving many substantive rights, admitting his conduct and pleading guilty to his involvement in the offense. These actions have assisted the government and the judiciary in facilitating the administration of justice. The Defendant wishes to further repay society through serving the Court's sentence and through achieving total rehabilitation so that he never again becomes involved in illegal conduct in the future.

The Defendant recognizes that his offenses are serious and requires the appropriate attention of this Court. However, the Defendant does put forth arguments in favor of a sentence not greater than necessary under 18 U.S.C. § 3553. The Defendant provides this memorandum in support of his arguments and asks that his sentence be no greater than necessary to achieve the goals of sentencing under §3553(a).

The Defendant graduated from H. D. Woodson High School in Washington, D.C., after graduating High School he enrolled in Norfolk State University in 1989 to study Political Science. PSR at ¶116.

That prior to the instant offense, the Defendant was self-employed as an installer of epoxy flooring . PSR at ¶125. Prior to his arrest, the Defendant worked as a rideshare driver for Uber and Lift in 2020. PSR at ¶126.

II. **The Court Should Consider the Advisory Guidelines along with All Relevant Factors under 18 U.S.C. §3553(a) and §3661 In Determining a Sentence That Is No Greater than Necessary to Achieve the Purposes of Sentencing.**

As the Court is aware, in ***United States v. Booker, 125 S. Ct. 738 (2005),*** the Supreme Court held that the mandatory guideline system created by the Sentencing Reform Act of 1984 (SRA) was unconstitutional. Therefore, the appropriate remedial measure was to declare the Guidelines merely advisory. See ***Booker, 125 S. Ct. at 757 (2005) (Breyer, J.).*** After ***Booker*** federal sentencing is vastly different. Treating the Guidelines as advisory requires that the

Court consider the guideline range calculation as merely one of the many factors in determining a sentence *no greater than necessary to achieve the goals of sentencing* set forth in 18 U.S.C. §3553(a)(2).

### A. The §3553(a) Sentencing Mandate

Section 3553(a) is comprised of two distinct parts: the so-called "sentencing mandate" contained in the prefatory clause of §3553(a) and the "factors" to be considered in fulfilling that mandate. The overriding mandate of §3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in §3553(a)(2): (a) retribution; (b) deterrence; (c) incapacitation; and (d) rehabilitation. ***United States v. Mason, 966 F. 2d 1488 (D.C. Cir. 1992).***

The sufficient-but-not-greater-than-necessary requirement is often referred to as the "parsimony provision." The parsimony provision is not just another "factor" to be considered along with the others set forth in §3553(a). Instead, it sets an independent limit on the sentence a court may impose. **SEE In re Sealed Case, 548 F.3d 1085 (D. C. Cir. 2008).** Since §3553(a) requires a sentence to be no greater than necessary to meet four purposes of sentencing, imposition of sentence greater than necessary to meet those purposes is reversible, even if within Guideline range. ***United States V. Evans, 526 F.3d 155 (4th Cir. 2008)***

In determining the sentence minimally sufficient to comply with the §3553(a)(2) purposes of sentencing, the court must consider several factors listed in §3553(a). These factors include:

    (1)  The nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)  The need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (3)  The need for deterrence;

    (4)  The need to protect the public;

    (5)  The need to provide the defendant with needed educational or vocational training or medical care;

    (6)    The kinds of sentence available;

    (7)    The Sentencing Guideline range;

    (8)    Pertinent policy statements of the Sentencing Commission;

    (9)    The need to avoid unwanted sentencing disparities; and

    (10)   The need to provide restitution to victims

***United States v. Eura, 440 F.3d 625 (4th Cir. 2006).*** While district courts must in all cases "consider" the Guideline range, ***United States v. Booker, 543 U.S. 220, 245-46 (2005),*** the Guidelines do not subordinate the other factors in §3553(a).

**Facts of the Offense**

It is undisputed that the Defendant was found with 400 grams or more of Fentanyl and a detectable amount of heroin.

On September 12, 2025, a superceding Information charging the Defendant with Conspiracy to Distribute and Possess With the Intent to Distribute 400 Grams or more of a Mixture and Substance Containing a Detectable Amount of Fentanyl, 100 Grams or More of Mixture and Substance a Detectable Amount of any Analogue of Fentanyl, 100 Grams or More of a Mixture and Substance Containing a Detectable Amount of Heroin, and Kilogram or More of a Mixture and Substance Containing a Detectable Amount of PCP.

On September 15, 2025, a Second Superceding Information the Defendant With Conspiracy to Distribute and Possess with Intent to Distribute 400 Grams or More of a Mixture and Substance Containing a Detectable Amount of any Analogue of Fentanyl, 100 Grams or More of a Mixture and Substance Containing a Detectable Amount of Heroin, and 1 Kilogram or More of a Mixture and Substance Containing a Detectable Amount of PCP.

On September 15, 2025, the Defendant pled guilty to the Second Superceding Information pursuant to a written plea agreement .

As a result the Defendant received a three-level reduction for acceptance of responsibility in his sentencing guideline calculations with a Total Offense Level of at least 33. Said calculations moved Defendant's overall guideline range from level 151 to level 188.

Sentencing courts have a duty to consider many factors that the Guidelines specifically exclude from consideration-even factors prohibited by the formerly mandatory Guidelines – in determining the type of sentence that satisfies the sentencing mandates of §3553(a). See, e.g., **United States v. Washington, 670 F.3d 1321 (D.C. Cir. 2012).** The sentencing judge, after considering §3553(a) and §3661 factors (including the Guidelines), has full discretion to sentence anywhere within the statutory range. If the **Booker** Court thought otherwise- if it thought the Guidelines not only had to be 'considered' (as the amputated statute requires) but had generally to be followed – its opinion would surely say so. **Booker 125 S.Ct. at 791 (Scalia, J., dissenting).** Likewise, if the remedial majority thought the Guidelines had to be given "heavy weight," its opinion would have said so. The remedial majority clearly understood that giving any special weight to the Guideline range relative to the other factors would violate the Sixth Amendment. A sentence may be unreasonable if it is the product of a procedure that does not follow **Booker's** requirements, regardless of the actual sentence. After a district court has accurately calculated the Guideline range, it may impose a more severe or more lenient sentence as long as the final sentence is reasonable. **United States v. Milstead, 2013 U.S. App. LEXIS 11456 (D.C. Cir. 2013).**

**A. Mitigating Factors to Be Considered in Determining a Reasonable Sentence Under 18 U.S.C. §3553(a)(2).**

As set forth above, after **Booker**, this Court is statutorily required to impose a sentence that is minimally sufficient to accomplish the purposes of sentencing, and the Guidelines are only one of five equally important factors to be considered in determining the minimally sufficient sentence. In the instant case, a sentence at the statutory minimum is sufficient to satisfy the goals of (1) retribution, (2) deterrence, (3) incapacitation, and (4) rehabilitation. Imposition of sentence greater than necessary to meet those purposes is reversible, even if such a sentence falls within the Guideline range.

5

1. **The Defendant's Age, Remorse, and Post-offense Rehabilitation**

The Defendant accepts complete responsibility for his conduct herein. Today, the Defendant stands before this Court humbled, remorseful, and contrite. The Defendant recognizes that his conduct was wrong. The Defendant stands before this Court ashamed for his conduct, and ashamed that he could have caused harm to others.

The Defendant's remorse and rehabilitation become even more relevant when coupled with the Defendant's age at the time of release, making it extremely unlikely that the Defendant will commit other crimes in the future. The Defendant is currently 59 years-old, facing a significant sentence per the agreement. After **Booker**, many courts have considered a Defendant's age as a factor for sentencing below the Guidelines. See; **Simon v. United States, 361 F. Supp. 2d 35, 48 (E.D.N.Y. Mar.17, 2005); United States v. Thomas, 360 F.Supp. 2d 238, 243 (D. Mass. 2005); United States v. Nellum, 2005 U.S. Dist. LEXIS 1568 (N.D.Ind. Feb. 3, 2005).** Further, according to the Sentencing Commission, "[r]ecidivism rates decline relatively consistently as age increases," from 35.5% under age 21, to 9.5% overage 50, lessening the need to protect the public from further crimes of the defendant under 3553(a)(2)©. See, **United States Sentencing Commission,** Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines.[1]

Remorse is also a factor the Court must consider. **United States v. Fagan, 162 F.3d 1280, 1284-85 (10th Cir. 1998).** Under the old departure analysis, "[b]ecause remorse is not a prohibited factor, but a factor already considered in the Sentencing Guidelines, a sentencing court may depart downward if it finds that remorse is present to an exceptional degree." Now that the Guidelines are merely advisory, these factors are relevant in determining a reasonable sentencing after **Booker** under §3553(a).

Since his incarceration at the Correctional Treatment Facility, Mr. Glymph has demonstrated measurable rehabilitation, personal accountability, and a sustained commitment to positive conduct. Throughout his confinement, he has consistently maintained institutional

---

[1] Available at ussc.gov/publicat/Recidivism_General.pdf.

employment, progressing to a leadership position within his assigned work detail. He has also served as an active and reliable member of the inmate grievance board, reflecting his ability to engage constructively with institutional processes.

In addition to his institutional responsibilities, Mr. Glymph has repeatedly shown sound judgment, composure under pressure, and a willingness to act in the interest of others during emergency situations. On one occasion, Mr. Glymph and another inmate intervened when a resident of the facility attempted suicide. Mr. Glymph rendered immediate first aid and sought assistance from facility staff, actions that directly contributed to saving the individual's life.

On a separate occasion, Mr. Glymph assisted a Spanish-speaking individual who was experiencing a medical emergency later determined to be a heart attack. Due to a language barrier, responding officers were initially unable to communicate effectively with the individual. Mr. Glymph provided translation services and aided in the delivery of initial first aid, ensuring timely medical intervention.

Furthermore, Mr. Glymph responded decisively when a correctional officer fell down a flight of stairs and sustained serious injuries to her ankle and neck. He immediately rendered assistance and helped safeguard the injured officer by preventing interference from other inmates until additional officers arrived.

Mr. Glymph's conduct reflects a consistent pattern of responsibility, empathy, and rehabilitation. His actions demonstrate a clear commitment to lawful behavior and public safety, and they strongly support consideration of his positive institutional record and personal growth.

Based on the above, it is extremely unlikely that the Defendant will commit another crime.  The Defendant respectfully asks that this Court takes these factors into consideration under §3553(a) in determining a sentence no greater than necessary.

### 2. The Defendant's Role in the Offense

The Defendant admits that he was involved in the instant offense.  He does accept full

responsibility for his involvement.  "[T]he determination of a Defendant's role in an offense is necessarily fact-specific a reasonable sentencing after *Booker* under §3553(a).  Under these circumstances, a sentence at the lowest point authorized by law satisfies the purposes of sentencing §3553(a).

### 3      The Defendant's Familial Responsibilities

The Defendant submits that his situation should result in a lesser sentence, as this factor would set as a deterrent to committing future crimes.  The Defendant submits that he is a good and loving family man.  The Defendant wishes to continue to assist in the care of his family, and does not want his mother to suffer mentally and financially as a result of his bad choices.  That the Defendant has an impeccable employment history.  That incarceration will undoubtably terminate the Defendant's employment.  Hence, upon release with a felony conviction, it will lead to roadblocks and obstacles on returning to the job force.

### 4.     The Defendant's Criminal History Score Over-represents the Seriousness of the Defendant's Past Conduct

According to U.S.S.G. §4A1.3,  if reliable information indicates that the Defendant's criminal history category over-represents the seriousness of the defendant's criminal history and likelihood that the Defendant will commit other crimes, mitigation of the Defendant's Criminal History may be warranted.   In the instant case the Defendant's criminal history category clearly overstates the seriousness of his criminal history.

Pursuant to the Presentence report, the Defendant was charged with Conspiracy  to Distribute and Possess With the Intent to Distribute 400 Grams or more of a Mixture and Substance Containing a Detectable Amount of Fentanyl, 100 Grams or More of Mixture and Substance a Detectable Amount of any Analogue of Fentanyl, 100 Grams or More of a Mixture and Substance Containing a Detectable Amount of Heroin, and Kilogram or More of a Mixture and Substance Containing a Detectable Amount of PCP. second degree assault and malicious destruction of property.  PSR at ¶1.

**Conclusion**

As the Court is aware this case involved a plea and pursuant to 21 USC §§846, 841 (a)(1) and 841(b)(1)(A) a mandatory minimum sentence of 10 years of imprisonment must be imposed. Although it is Defendant's belief that a ten year sentence of incarceration is extremely harsh and is greater than necessary to achieve the goals of sentencing under 18 U.S.C. §3553(a). Given the Statutory Mandatory Minimum the Defendant respectfully requests that this Court take into consideration the above factors and impose a sentence to the mandatory minimum 10 years to achieve the goals of sentencing under §3553(a)(2). Upon completion of the sentence the Defendant will be almost 70 years old and unlikely to be involved in any further criminal activity.

Respectfully submitted,

 /s/ Antoini M. Jones
**Antoini M. Jones**
1401 Mercantile Lane, Suite 300
Largo, Maryland 20774
(301) 277-0770
amjoneslaw@gmail.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY,** that, on this 10th day of December 2025, a copy of the foregoing was sent via ECF to George Eliopuolos, Matthew Kinsky, and Rick Blaylock.

 /s/ Antoini M. Jones
**Antoini M. Jones**